## The People of the State of Illinois, Defendant in Error, v. John Plopper, Plaintiff in Error.

1. DRAM-SHOPS—*when indictment sufficiently identifies statute.* If an indictment for selling liquor in anti-saloon territory sufficiently identifies the offense charged its words on formal conclusion will not render it bad.

2. DRAM-SHOPS—*when certificate of collector of internal revenue not extra-official.* A certificate by such official which interprets the meaning of abbreviations officially used by him is competent.

3. DRAM-SHOPS—*what not essential to establishment of prima facie case of selling liquor in anti-saloon territory by proof of special tax stamps.* A *prima facie* case of selling liquor in anti-saloon territory is made by proving the issuance to the defendant of a special tax stamp without showing that such special tax stamp was posted.

4. TRIAL—*when prejudicial effect of improper remarks cured.* If the court sustains an objection to improper remarks and instructs the jury to disregard them, a reversal will ordinarily not be awarded.

Prosecution for unlawful sale of intoxicating liquor. Appeal from the Circuit Court of Christian county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

HOGAN & WALLACE and W. B. McBRIDE, for plaintiff in error.

ARTHUR YOCKEY, for defendant in error; Leslie J. TAYLOR, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Upon a trial by jury in the Circuit Court of Christian county the plaintiff in error was found guilty under the third count of an indictment, being one of twenty-six counts, wherein he was charged with selling liquor in anti-saloon territory, and was sentenced to pay a fine of twenty dollars and to be imprisoned in the county jail for ten days. This writ of error is prosecuted to reverse such judgment of conviction.

It is first urged that the court erroneously refused to quash said third count of the indictment because it alleges the offense charged as being "contrary to the form of the statute in such case made and provided," etc., instead of as being contrary to the act relating to the creation of anti-saloon territory. The language of the count sufficiently indentifies the offense charged and if it is necessary the particular legislative enactment creating such offense, and as counsel for plaintiff in error do not venture to assert that the act of the legislature providing for the creation of anti-saloon territory is not a public law and a statute of the state, it must be held that the court properly overruled the motion to quash.

The evidence discloses that the village of Morrisonville, which in the third count of the indictment is alleged to have been anti-saloon territory, lies wholly within the township of Ricks in Christian county, which township was anti-saloon territory, and plaintiff in error insists that said count is not sufficient to support a conviction because it merely alleges that the village of Morrisonville was anti-saloon territory and fails to allege that the township of Ricks was anti-saloon territory. It is not controverted that under the provisions of the statute relating to the creation of anti-saloon territory the village of Morrisonville became by operation of law anti-saloon territory upon the creation of the township of Ricks as such territory. It was sufficient that the indictment alleged the ultimate fact and it was not necessary to set out therein the evidence from which it appeared that the village of Morrisonville was wholly within the township of Ricks.

The record of the township of Ricks together with the certificate of the town clerk authenticating said record introduced by the defendant in error for the purpose of showing that said township became anti-saloon territory contained every requirement essential

to its admission, and the fact that it contained some immaterial matter which could in no manner have operated to the prejudice of plaintiff in error cannot be complained of.

Plaintiff in error having failed, after notice given to produce the same, to produce the internal revenue special tax stamp or receipt issued to him as a retail dealer in liquors at Morrisonville, the court over the objection of plaintiff in error permitted to be introduced in evidence a copy of the official records of the collector of internal revenues properly certified to by him, from which it appears that such a special tax stamp or receipt was issued to plaintiff in error on June 30, 1909. Upon the record as certified appear the letters "R. L. D." which are designated in the certificate as indicating "Retail Liquor Dealers," and it is urged that it was not competent to admit an explanation of such letters by the collector in this certificate. The letters as indicated are certified to as appearing in the official records of the collector, and we see no objection to the certificate upon the ground that the collector designates therein the meaning of said letters as so officially used by him. But conceding that the portion of the certificate referred to was improperly admitted, plaintiff.in error was not harmed thereby, because it is expressly recited in the certificate that the record thereby certified relates to the payment of a special tax of a retail liquor dealer by the plaintiff in error. Furthermore, the witness Frank Clower testified that the plaintiff in error stated to him in substance, that he (plaintiff in error) had a Government license but had "been pinched" because he did not have his license posted up. The contention of plaintiff in error that secondary evidence of the issuance to him of an internal revenue special tax stamp or receipt was improperly admitted because he could not be called upon to incriminate himself by procuring such special tax stamp or receipt is untenable.

It is a sufficient answer to this contention to say that it would preclude proof of the fact altogether. It may be that plaintiff in error was within his rights in refusing to produce the special tax stamp or receipt but we think notice to do so coupled with his failure or refusal to comply therewith was necessary to make secondary evidence admissible and that the same was properly admitted.

Counsel for plaintiff in error insist that proof of the issuance of such special tax stamp or receipt was improperly admitted in the absence of proof that such stamp or receipt was posted and that the posting of such stamp or receipt was necessary to make the same *prima facie* evidence of the sale of intoxicating liquors by plaintiff in error. This insistence is based upon a misconstruction of the statute. Section 17 of the Act providing for the creation of anti-saloon territory, is, in part, as follows:

"The issuance of an internal revenue special tax stamp or receipt by the United States to any person as a wholesale or retail dealer in liquors or in malt liquors at any place within the territory which, at the time of the issuance thereof, is anti-saloon territory, shall be *prima facie* evidence of the sale of intoxicating liquor by such person at such place, or at any place of business of such person within such territory where such stamp or receipt is posted, and at the time charged in any suit or prosecution under this act: *Provided,* such time is within the life of such stamp or receipt."

The stamp or receipt having been issued to plaintiff in error as a retail dealer in liquors at the village of Morrisonville, a place within territory which at the time of the issuance of said stamp or receipt was anti-saloon territory, became *prima facie* evidence of the sale by him of intoxicating liquors, within the village of Morrisonville whether such stamp or receipt was posted or not. The reference in the statute to the posting of such stamp or receipt is in the disjunctive

and relates only to a fixed or regular place of business within anti-saloon territory.

It is next urged that the trial court unduly limited the cross-examination by counsel for plaintiff in error of the witnesses Baker and Clayton who were employed as detectives by the anti-saloon league. As to the witness Clayton the record discloses that counsel for plaintiff in error cross-examined him fully without the interposition of any objection thereto by counsel for the prosecution, or of any ruling whatever by the trial court. As to the witness Baker the court allowed counsel for plaintiff in error all the latitude in his cross-examination consistent with the rules of law and proper practice.

The trial court gave to the jury twenty-one instructions at the instance of the prosecution and twenty-two instructions at the instance of the plaintiff in error and refused to give eighteen instructions tendered by plaintiff in error. Many of the objections urged to the instructions given at the instance of the prosecution and to the action of the court in refusing to give certain instructions offered by plaintiff in error have been answered by what we have heretofore said. A careful examination and consideration of the instructions as given by the court at the instance of the prosecution discloses that they accurately state the law applicable to the case and that the instructions tendered by plaintiff in error and refused by the court were properly refused.

The last objection urged on behalf of plaintiff in error relates to certain language used by counsel for the prosecution in the course of their argument to the jury. To so much of the argument as was improper the trial court sustained the objection interposed by counsel for plaintiff in error and emphatically instructed the jury to wholly disregard the same. The ruling and action of the court in that regard fully offset any effect prejudicial to plaintiff in error which

the language complained of was calculated to have upon the jury.

We have carefully considered all of the errors assigned by plaintiff in error notwithstanding the fact that the evidence in the record established his guilt of the offense charged beyond the possibility of a doubt.

There is no reversible error in the record and the judgment of the Circuit Court is affirmed.

*Affirmed.*